IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| **STATES OF WEST VIRGINIA**, **NORTH DAKOTA**, **GEORGIA**, and **IOWA**, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>**U.S. ENVIRONMENTAL PROTECTION AGENCY**, e*t al.*,<br><br>    Defendants. | Case No. 3:23-cv-00032-DLH-ARS<br><br>Hon. Daniel L. Hovland |

**MEMORANDUM IN SUPPORT OF PLAINTIFF STATES' MOTION TO STRIKE PROPOSED INTERVENORS' RESPONSE IN OPPOSITION TO PLAINTIFF STATES' MOTION FOR PRELIMINARY INJUNCTION**

A group of Indian Tribes has filed a response to the Plaintiff States' motion for preliminary injunction. *See* ECF 93. But the Court has not yet allowed those Tribes to intervene, and the Tribes cannot participate as parties until the Court does so. It would also be inappropriate to consider the Tribes' response *after* their pending motion to intervene is decided, as that consideration would delay the proceedings when the Final Rule's March 20 effective date is imminent. What's more, the Tribes' filing does not comply with the Local Rules. The Court should therefore strike the response.

## BACKGROUND

On February 21, the States moved this Court for a preliminary injunction against the final rule titled, "Revised Definition of 'Waters of the United States,'" 88 Fed. Reg. 3004-3114 (January 18, 2023). The Final Rule goes into effect on March 20. The Court required the Agencies to file

a 30-page response to the States' motion by March 10, and the States must reply by March 14. ECF 78. More than two weeks after the States filed their motion, and nearly a month after this action was filed, the Tribes moved to intervene. ECF 87. Briefing on the motion to intervene is set to conclude on March 29. The Tribes, however, filed their own 30-page response to the pending preliminary-injunction motion on March 10. ECF 93.

## ARGUMENT

"[A]ll courts have inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 931 (8th Cir. 2014). A court may strike a filing if it is "not in compliance with its orders." *McClurg v. Mallinckrodt, Inc.*, No. 4:12-CV-00361-AGF, 2017 WL 2880350, at *3 (E.D. Mo. July 6, 2017); *cf. Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, No. CV 10-0015 (RHK/JJG), 2011 WL 13228124, at *2 (D. Minn. May 6, 2011) (relying on "inherent authority" to strike amended complaint filed without leave and in contravention of court order). The Court may also strike filings that do not comply with the Local Rules, including the rules governing page limits. *See, e.g., Allied Mach. & Eng'g Corp. v. Jewell Mach. & Fabrication, Inc.*, No. 413CV00078SMRRAW, 2013 WL 11616465, at *2 (S.D. Iowa July 17, 2013) (striking reply brief for failure to comply with page limits).

The Court should exercise its inherent authority here and strike the Tribes' response. Admittedly, it is unclear if the Tribes intended to file this document as a response for the Court's immediate consideration or merely a proposed response. The document is docketed as a separate event, is titled on the docket as a normal response, and refers to the Tribes as though they have already been granted permission to intervene. But the cover page also says "proposed response." Either way, the Court should not consider it.

2

If the document is not merely a proposed response, then the Court should strike it as premature. An intervenor has a right to participate in an action only when it can show that it satisfies the requirements for intervention and (with rare exceptions) after a court enters an order allowing it to take part. *See Conseco v. Wells Fargo Fin. Leasing, Inc.*, 204 F. Supp. 2d 1186, 1193 (S.D. Iowa 2002) ("A party, *once allowed to intervene*, may litigate fully as if it were an original party." (emphasis added)). The court's order on the motion to intervene then defines the scope of the intervenor's right to participate. *See Planned Parenthood Minnesota, N.D. v. Daugaard*, 946 F. Supp. 2d 913, 923 (D.S.D. 2013) (explaining that an intervenor could not take depositions when those depositions went beyond the interests that the intervernor was granted permission to intervene as to and protect). So while a "motion to intervene is pending," a movant's request to take part in the action as a party is "premature." *Wilson v. MRO Corp.*, No. 2:16-CV-05279, 2018 WL 7118191, at *1 (S.D.W. Va. Oct. 4, 2018).

Allowing the Tribes to file a response to the States' motion before the Court decides their motion to intervene would be inequitable and improper. Without a decision on the motion to intervene, there is no assurance that the Tribes have actually met the requirements for intervention, including standing. *See Wittman v. Personhuballah*, 578 U.S. 539, 544 (2016). So if the response is considered now, the States would need to respond to arguments that might become moot if the Court decides *not* to permit the Tribes to intervene. It is not obvious whether the States would need to use some of their already limited reply briefing—only ten pages—to address any new arguments from the Tribes. It is unknown when a reply to this response would even be due. Further, another group of interested organizations have asked to intervene in support of the States' challenge. *See* ECF 56. Yet their arguments on the need for a preliminary injunction have not been heard. Thus, if this response was meant to be considered right away (as it appears to be),

then the Court should strike it. Non-parties do not file responses to motions, and the Tribes are non-parties. *See W. Watersheds Project v. Zinke*, No. 1:18-CV-00187-REB, 2018 WL 4210774, at *4 n.5 (D. Idaho Sept. 4, 2018) (noting that a state "was not a party until it successfully intervened").

If the document is merely a proposed response, then the Court still should not consider it even after it grants the Tribes' motion to intervene (assuming, for the moment, that it will). The Tribes' motion to intervene will not be ready for resolution before the Final Rule's effective date. So the Court could consider the preliminary-injunction response after the motion to intervene is decided only if the Court then did one of two things: (1) push off the date for deciding the States' motion for preliminary injunction to allow the Tribes to properly lodge their response later; or (2) reconsider any decision in favor of the States at some later point.

The Court has already recognized why the first option is no real option at all: "[A]llowing the briefing schedule to conclude after the final rule takes effect would be prejudicial to the Plaintiffs." ECF 90 at 2. And in considering whether to allow a party to intervene at all, the Court must consider "the likelihood of prejudice to the parties in the action." *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010). As part of that analysis, the Court should also account for the "stage" of the proceedings. *Agrium Inc. v. Soo Line R.R.*, No. 1:13-CV-118, 2014 WL 12469972, at *3 (D.N.D. Feb. 21, 2014). Whatever the merits of allowing the Tribes to intervene at a later stage might be, the Court should not permit them to jump into *this* stage of the proceedings and upset a preliminary-injunction process that will be (and needs to be) resolved in just a few days' time. *See, e.g., Murdaugh v. Kitchens*, No. 3:22-CV-608-CMC, 2022 WL 18584354, at *1 (D.S.C. Mar. 21, 2022) (denying intervention because it would "unduly delay adjudication of the pending motion for preliminary injunction in this case").

4

As for the second option—considering the Tribes' response after the fact—the Supreme Court has foreclosed that course. Generally, "permission to intervene does not carry with it the right to relitigate matters already determined in the case." *Arizona v. California*, 460 U.S. 605, 615 (1983). That approach would only create more delay. Instead, an intervenor "must accept the proceedings as he finds them." *Sierra Club v. Espy*, 18 F.3d 1202, 1206 n.3 (5th Cir. 1994) (cleaned up). So giving Defendants a second shot at fending off a preliminary injunction by reopening the proceedings later on, for the Tribes' sake, would be improper.

All these issues aside, the Tribes' motion also does not comply with the Local Rules governing responses. Local Rule 7.1(B) provides that responses should be no longer than 20 pages. D.N.D. Civ. L.R. 7.1(B). The Tribes' response is 30 pages. The Tribes appear to have assumed that the Court's order granting Defendants an extension also applies to them. But by its terms, it does not. ECF 78. And the Tribes did not otherwise seek leave of court to file excess pages; had they done so, the States would have asked for a few additional pages of their own on reply, just as they did with Defendants' submission. "Local rules have the force of law, and parties are charged with knowledge of them." *Jones v. Johnson*, 186 F. App'x 691, 692 (8th Cir. 2006). Thus, for this independent reason, the Court should strike the Tribes' response.

## CONCLUSION

For all these reasons, the Court should strike the Tribes' response to the States' motion for preliminary injunction.

Dated: March 13, 2023

Respectfully submitted.

| | |
|---|---|
| PATRICK MORRISEY<br>Attorney General of West Virginia | DREW H. WRIGLEY<br>Attorney General of North Dakota |

/s/ Michael R. Williams
Lindsay See
  Solicitor General
Michael R. Williams
  Senior Deputy Solicitor General

Office of the West Virginia Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Lindsay.S.See@wvago.gov
Michael.R.Williams@wvago.gov

*Counsel for State of West Virginia*

/s/ Margaret I. Olson
Margaret I. Olson – State Bar ID No. 06352
Jennifer L. Verleger – State Bar ID No. 06732
  Assistant Attorneys General

Office of Attorney General
500 N. 9th Street
Bismarck, ND 58501
Phone: (701) 328-3640
jverleger@nd.gov
maiolson@nd.gov

*Counsel for State of North Dakota*

CHRISTOPHER M. CARR
Attorney General of Georgia

/s/ Stephen J. Petrany
Stephen J. Petrany
  Solicitor General

Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for State of Georgia*

BRENNA BIRD
Attorney General of Iowa

/s/ Eric H. Wessan
Eric H. Wessan
  Solicitor General

1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*

STEVE MARSHALL
Attorney General of Alabama

/s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
  Solicitor General

Office of the Attorney General
State of Alabama
501 Washington Avenue

TREG TAYLOR
Attorney General of Alaska

/s/ David A. Wilkinson
David A. Wilkinson
  Senior Assistant Attorney General

1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
(907) 269-5100

P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Counsel for State of Alabama*

david.wilkinson@alaska.gov

*Counsel for State of Alaska*

TIM GRIFFIN
Attorney General of Arkansas

/s/ Dylan L. Jacobs
Nicholas J. Bronni
  Solicitor General
Dylan L. Jacobs
  Deputy Solicitor General

Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-6302
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

*Counsel for State of Arkansas*

ASHLEY MOODY
Attorney General of Florida

/s/ Natalie P. Christmas
Natalie P. Christmas (Fla. Bar 1019180)
  Assistant Attorney General of Legal Policy

Florida Attorney General's Office
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)

natalie.christmas@myfloridalegal.com

*Counsel for State of Florida*

THEODORE E. ROKITA
Attorney General of Indiana

/s/ Thomas M. Fisher
Thomas M. Fisher
  Solicitor General

Indiana Attorney General's Office
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
(317) 232-6255
tom.fisher@atg.in.gov

*Counsel for State of Indiana*

KRIS KOBACH
Attorney General of Kansas

/s/ Jesse A. Burris
Jesse A. Burris
  Assistant Attorney General

Kansas Attorney General's Office
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for State of Kansas*

JEFF LANDRY

LYNN FITCH

<table>
<tr><td>

Attorney General of Louisiana

/s/ Elizabeth B. Murrill
Elizabeth B. Murrill
  Solicitor General
J. Scott St. John
  Deputy Solicitor General
Tracy Short
  Assistant Attorney General

Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
shortt@ag.louisiana.gov

*Counsel for State of Louisiana*

</td><td>

Attorney General of Mississippi

/s/ Justin L. Matheny
Justin L. Matheny (MS Bar No. 100754)
  Deputy Solicitor General

Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
Fax: (601) 359-2003
justin.matheny@ago.ms.gov

*Counsel for State of Mississippi*

</td></tr>
<tr><td>

ANDREW BAILEY
Attorney General of Missouri

/s/ Joshua M. Divine
Joshua M. Divine, Mo. Bar No. 69875
  Solicitor General
Jeff P. Johnson, Mo. Bar No. 73249
  Deputy Solicitor General

Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-8870
Fax: (573) 751-0774
Josh.divine@ago.mo.gov

*Counsel for State of Missouri*

</td><td>

AUSTIN KNUDSEN
Attorney General of Montana

/s/ Christian B. Corrigan
Christian B. Corrigan
  Solicitor General
Brent Mead
  Deputy Solicitor General

Office of the Montana Attorney General
215 N Sanders St
Helena, MT 59601
(406) 444-2707
Christian.Corrigan@mt.gov

*Counsel for State of Montana*

</td></tr>
<tr><td>

MICHAEL T. HILGERS
Attorney General of Nebraska

/s/ Eric J. Hamilton
Eric J. Hamilton
  Solicitor General

</td><td>

JOHN M. FORMELLA
Attorney General of New Hampshire

/s/ Brandon F. Chase
Brandon F. Chase
  Assistant Attorney General

</td></tr>
</table>

| | |
|---|---|
| Office of the Nebraska Attorney General<br>2115 State Capitol<br>Lincoln, NE 68509<br>(402) 471-2683<br>Eric.Hamilton@nebraska.gov<br><br>*Counsel for State of Nebraska* | New Hampshire Department of Justice<br>33 Capitol Street<br>Concord, NH  03301<br>(603) 271-3650<br>brandon.f.chase@doj.nh.gov<br><br>*Counsel for State of New Hampshire* |
| DAVE YOST<br>Attorney General of Ohio<br><br>/s/ Benjamin M. Flowers<br>Benjamin M. Flowers<br>  Ohio Solicitor General<br><br>30 E. Broad St., 17th Floor<br>Columbus, OH 43215<br>Phone:  614.466-8980<br>bflowers@ohioago.gov<br><br>*Counsel for State of Ohio* | GENTNER F. DRUMMOND<br>Attorney General of Oklahoma<br><br>/s/ Garry M. Gaskins, II<br>Garry M. Gaskins, II<br>  Solicitor General<br>Zach West<br>  Director of Special Litigation<br>Jennifer L. Lewis<br>  Assistant Attorney General<br><br>313 N.E. 21st Street<br>Oklahoma City, OK 73105<br>Tel: (405) 521-3921<br>Garry.gaskins@oag.ok.gov<br>Zach.west@oag.ok.gov<br>Jennifer.lewis@oag.ok.gov<br><br>*Counsel for State of Oklahoma* |
| ALAN WILSON<br>Attorney General of South Carolina<br><br>/s/ J. Emory Smith, Jr.<br>J. Emory Smith, Jr.<br>  Deputy Solicitor General<br><br>Office of the Attorney General<br>Post Office Box 11549<br>Columbia, South Carolina 29211<br>Phone:  (803) 734-3680; Fax:  (803) 734-3677<br>Email:   ESmith@scag.gov<br><br>*Counsel for State of South Carolina* | MARTY J. JACKLEY<br>Attorney General of South Dakota<br><br>/s/ Charles D. McGuigan<br>Charles D. McGuigan<br>  Deputy Attorney General Civil Division<br><br>1302 E. Highway 14, Suite 1<br>Pierre, SD 57501<br>605-773-3215<br>atgservice@state.sd.us<br><br>*Counsel for State of South Dakota* |

JONATHAN SKRMETTI
Attorney General and Reporter
of the State of Tennessee

/s/ Clark L. Hildabrand
Andrée Blumstein
  Solicitor General
Clark L. Hildabrand
  Senior Counsel
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Counsel for State of Tennessee*

JASON MIYARES
Attorney General of Virginia

/s/ Andrew N. Ferguson
Andrew N. Ferguson
  Solicitor General
Kevin M. Gallagher
  Deputy Solicitor General
M. Jordan Minot
  Assistant Solicitor General

Virginia Attorney General's Office
202 North 9th Street
Richmond, Virginia 23219
(804) 786-2071
aferguson@oag.state.va.us
kgallagher@oag.state.va.us
mminot@oag.state.va.us

*Counsel for Commonwealth of Virginia*

SEAN REYES
Attorney General of Utah

/s/ Melissa Holyoak
Melissa Holyoak
  Solicitor General

Utah Attorney General's Office
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
melissaholyoak@agutah.gov

*Counsel for State of Utah*

BRIDGET HILL
Attorney General of Wyoming

/s/ Travis Jordan
Travis Jordan (ND Bar No. 08933)
  Senior Assistant Attorney General

Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
travis.jordan@wyo.gov

*Counsel for State of Wyoming*