IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| STATES OF WEST VIRGINIA NORTH DAKOTA, GEORGIA, and IOWA, *et al.*, | ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| and | ) ) | Civil No. 3:23-cv-0032 |
| CASS COUNTY FARM BUREAU, *et al.*, | ) ) |  |
| Intervenor-Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) ) ) |  |
| Defendants, | ) ) |  |
| and | ) ) |  |
| CHICKALOON VILLAGE TRADITIONAL COUNCIL, *et al.*, | ) ) ) |  |
| Defendant-Intervenors. | ) |  |

**PLAINTIFF STATES AND INTERVENOR-PLAINTIFFS' SURREPLY**

**TABLE OF CONTENTS**

Page

ARGUMENT ............................................................................................................................. 1

    A.    Under *Loper Bright*, the Rule is Entitled to Neither Deference Nor Respect. ................................................................................................................... 1

    B.    The *White* Decision Misunderstands *Sackett*. ............................................................ 4

    C.    The Illegality of the Rule is Further Demonstrated by the Agencies' Continued Claims of Vast Jurisdictional Reach Far Beyond What *Sackett* Permits. ................................................................................................. 6

CONCLUSION ......................................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bond v. United States*,
    572 U.S. 844 (2014) ............................................................................................................. 4

*In re EPA*,
    803 F.3d 804 (6th Cir. 2015) ............................................................................................... 3

*Georgia v. Wheeler*,
    418 F. Supp. 3d 1336 (S.D. Ga. 2019) ................................................................................ 3

*Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*,
    2024 WL 1088585 (S.D. Ga. Mar. 1, 2024) ........................................................................ 5

*Kisor v. Wilkie*,
    588 U.S. 558 (2019) ............................................................................................................. 4

*Lewis v. United States*,
    88 F.4th 1073 (5th Cir. 2023) ............................................................................................. 5

*Loper Bright Enterprises v. Raimondo*,
    144 S. Ct. 2244 (2024) ............................................................................................... 1, 2, 4

*Navajo Nation v. Regan*,
    2021 WL 4430466 (D.N.M. Sept. 27, 2021) ...................................................................... 3

*Pascua Yaqui Tribe v. EPA*,
    2021 WL 3855977 (D. Ariz. Aug. 30, 2021) ...................................................................... 3

*Rapanos v. United States*,
    547 U.S. 715 (2006) ........................................................................................................ 3, 5

*Sackett v. EPA*,
    598 U.S. 651 (2023) ................................................................................................... *passsim*

*Skidmore v. Swift & Co.*,
    323 U.S. 134 (1944) ............................................................................................................. 2

*Solid Waste Agency of Northern Cook County v. Army Corps of Engineers*,
    531 U.S. 159 (2001) ............................................................................................................. 3

*Texas v. EPA*,
    389 F. Supp. 3d 497 (S.D. Tex. 2019) ................................................................................ 3

*White v. U.S. EPA*,
  2024 WL 3049581 (E.D.N.C. June 18, 2024) ................................................................. *passim*

**Other Authorities**

33 CFR 328.3 ......................................................................................................................7

40 CFR 120.2 ......................................................................................................................7

80 Fed. Reg. 37056 (2015) ..................................................................................................3

Plaintiff States and Intervenor-Plaintiffs submit this surreply in opposition to Defendants'[1] motions for summary judgment (Dkts. 208, 209) and in support of their own motions for summary judgment (Dkts. 198, 201). It addresses recent but relevant authority, including: (1) the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) (App. A, *infra*) cited at page 12 n.1 of the Agencies' reply brief (Dkt. 122); (2) the Eastern District of North Carolina's decision in *White v. U.S. EPA*, 2024 WL 3049581 (E.D.N.C. June 18, 2024) (App. B, *infra*), *appeal pending*, cited at pages 11-13 and 18-24 of the Agencies' reply brief (Dkt. 222) and at pages 3-6 of Defendant-Intervenors' reply brief (Dkt. 221); and (3) recently issued Agency memoranda (Apps. C and D, *infra*) that demonstrate the continuing improper overreach of the Agencies' post-*Sackett* approach to jurisdiction over wetlands. These additional authorities confirm the Court should grant summary judgment for Plaintiff States and Intervenor-Plaintiffs.

## ARGUMENT

### A. Under *Loper Bright*, the Rule is Entitled to Neither Deference nor Respect.

The Agencies initially asked this Court to employ *Chevron*'s "narrow and highly deferential" standard when reviewing their revised WOTUS Rule—even though this Court already held at the preliminary-injunction stage that no deference was due. (Dkt. 210 at 47-48; Dkt. 131 at 17). The Agencies now concede (Dkt. 222 at 12 n.1) that the Supreme Court overruled *Chevron* in *Loper Bright*, but they pretend *Chevron*'s demise should make no difference. The Agencies fail, however, to apply the *Loper Bright* standard, which at most[2] suggests the Court can show "respect" to certain agency decisions. *Loper Bright*, 144 S. Ct. at 2259 (citing *Skidmore v. Swift & Co.*, 323

---

[1] Defendants are (1) the U.S. Environmental Protection Agency and Army Corps of Engineers (together, the "Agencies") and (2) Chickaloon Village Traditional Council, Rappahannock Tribe, Tohono O'odham Nation, and White Earth Band of Ojibwe ("Defendant-Intervenors").

[2] Perhaps the better reading of *Loper Bright* is that it requires *de novo* review. But the Court need not decide that question here. As explained above, the Rule deserves no respect, deference, or otherwise even under the most generous reading for the Agencies of *Loper Bright*.

U.S. 134 (1944)). Applying *Loper Bright*, though, the Agencies' interpretation of WOTUS is entitled to no respect from this Court. Instead, the Court should adopt its own best interpretation of WOTUS guided by the Clean Water Act ("CWA") and the Supreme Court's rulings in this area, most notably *Sackett v. EPA*, 598 U.S. 651 (2023). *See Loper Bright*, 144 S. Ct. at 2273 ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires").

As Plaintiff States and Intervenor-Plaintiffs have explained (*see, e.g.*, Dkt. 218 at 18-28), when WOTUS is interpreted in line with the CWA and *Sackett*, the Agencies are precluded from asserting jurisdiction over interstate waters regardless of navigability. What's more, there is no basis for overly broad and vague definitions of "relatively permanent" waters, impoundments, wetlands, and tributaries. Simply put, whether an agency's statutory interpretation warrants respect turns largely on "the validity of [the agency's] reasoning." *Loper Bright*, 144 S. Ct. at 2259 (quoting *Skidmore*, 323 U.S. at 140). Here, the Agencies have misread *Sackett* and their justifications for the Rule fall far short. With the latest rule, the Agencies again seek to "minimize [the] impact" of Supreme Court reversals (*Sackett*, 598 U.S. at 666) and stretch their authority past the CWA's boundaries.

Other factors likewise show that no respect is warranted here. *Loper Bright* acknowledges that agency interpretations merit less respect when they are not "issued contemporaneously with the statute at issue" and have not "remained consistent over time." *Loper Bright*, 144 S. Ct. at 2262. Of course, the Agencies' interpretations of WOTUS are neither "contemporaneous" nor "consistent." The Agencies have perennially altered their interpretations, only to have them rejected by the courts time and again. The present Rule is leagues away from where Congress (and the Agencies themselves) started in 1972.

2

Soon after the CWA was enacted, the Agencies "promulgated *different* interpretations" of WOTUS, with the Corps' interpretation being much narrower. *Sackett*, 598 U.S. at 664 (emphasis added). Later, the Agencies "promulgated new, much broader definitions designed to reach the outer limits of Congress's commerce power." *Id.* The Supreme Court rejected that interpretation of WOTUS in *Solid Waste Agency of Northern Cook County v. Army Corps of Engineers*, 531 U.S. 159, 172-73 (2001), explaining that the CWA rests not on Congress' general commerce power, but instead on its authority over waters as channels of interstate commerce. Undeterred, the Agencies maintained that their authority reached "virtually any parcel of land containing a channel or conduit . . . through which rainwater or drainage may occasionally or intermittently flow." *Sackett*, 598 U.S. at 666 (quoting *Rapanos v. United States*, 547 U.S. 715, 722 (2006)). A plurality of the Supreme Court denounced that approach in *Rapanos v. United States*. But the Agencies followed a single Justice's concurring opinion and, in their 2015 Rule, effectively declared that a wet patch with any of a "lengthy list of hydrological or ecological" connections to navigable water is jurisdictional. *Sackett*, 598 U.S. at 667. The Agencies conceded that this meant they again controlled "almost all waters and wetlands across the country." *Id.* (quoting 80 Fed. Reg. 37056 (2015)). Unsurprisingly, multiple courts held that rule unlawful. *Texas v. EPA*, 389 F. Supp. 3d 497 (S.D. Tex. 2019); *Georgia v. Wheeler*, 418 F. Supp. 3d 1336 (S.D. Ga. 2019); *see also In re EPA*, 803 F.3d 804, 807 (6th Cir. 2015) (staying rule nationwide).

In 2020, the Agencies adopted a rule that more closely hewed to the *Rapanos* plurality opinion, but that rule was vacated at the behest of some States (not present here) and environmental groups. *Pascua Yaqui Tribe v. EPA*, 2021 WL 3855977 (D. Ariz. Aug. 30, 2021); *Navajo Nation v. Regan*, 2021 WL 4430466 (D.N.M. Sept. 27, 2021). With a change in administration, the Agencies acquiesced to the vacatur and promulgated the deeply flawed, significant-nexus-based

3

rule—which the Court in *Sackett* held to be "inconsistent with the text and structure of the CWA" and with "background principles of statutory construction." *Sackett*, 598 U.S. at 679 (quoting *Bond v. United States*, 572 U.S. 844, 857 (2014)). Rather than faithfully apply the *Sackett* decision, the Agencies promulgated the revised Rule at issue here, merely striking the significant nexus while leaving in place all the other legal flaws in the Rule that the Plaintiff States and Intervenor-Plaintiffs have identified.

The Agencies' repeated misinterpretations of their statutory powers negate any claim to respect for the Rule. It is time to halt this game of cat-and-mouse in which the regulated community are the losers. In the face of such inconsistency and repeated refusal to follow Supreme Court precedent, this is an area where "interpretive issues arising in connection with a regulatory scheme . . . 'fall more naturally into a judge's bailiwick' than an agency's." *Loper Bright*, 144 S. Ct. at 2267 (quoting *Kisor v. Wilkie*, 588 U.S. 558, 578 (2019)). The Agencies have shown that they "have no special competence in resolving statutory ambiguities" in the CWA's definition of WOTUS. *Id.* at 2266. But "[c]ourts do." *Id.* This Court should follow *Sackett* and the CWA and hold unlawful the Agencies' latest attempt to evade precedent, statutory language, and context.

      **B.**    **The *White* Decision Misunderstands *Sackett*.**

As both Plaintiff States and Intervenor-Plaintiffs have shown, *Sackett* requires that before the Agencies may deem a wetland to be WOTUS, the wetland must have a continuous surface water connection to a jurisdictional water, and that connection must be of the sort that makes the wetland and the water indistinguishable, so that it is difficult to know where the water ends and the wetland begins. (*See* Dkt. 201-1, at 11, 30-32; Dkt. 218 at 22-25). The Supreme Court could not have been clearer in *Sackett* this is the test required by the CWA: "the CWA extends to only those wetlands that are 'as a practical matter indistinguishable from [WOTUS].'" 598 U.S. at 678 (plurality) (quoting *Rapanos*, 547 U.S. at 755). Accordingly, the Fifth Circuit has held that "the

4

*Sackett* 'adjacency' test" is whether a wetland is "indistinguishable from those waters" that meet the definition of WOTUS. *Lewis v. United States*, 88 F.4th 1073, 1078 (5th Cir. 2023). A district court in Georgia recently agreed. *Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, 2024 WL 1088585, at *5 (S.D. Ga. Mar. 1, 2024) (dismissing CWA suit for failure to allege facts showing wetland "has such a continuous surface connection to [WOTUS] that it is 'indistinguishable' from it").[3]

In their reply, the Agencies (at 18-21) rely on the Eastern District of North Carolina's decision in *White*, but the errors in the *White* decision—which is currently on appeal—are as plain as the language from *Sackett* that it contradicts.[4] *White* thought that the Rule's text is "faithful to *Sackett*," but then *White* acknowledged the Rule's preamble—which explained the Rule's meaning—is "arguably at odds" with *Sackett*'s wetlands definition. 2024 WL 3049581, at *12. But the Rule can't be both "faithful to" and "at odds" with *Sackett*. Even if the Rule only makes the point plainest in its preamble, the Rule failed to incorporate *Sackett*'s indistinguishability requirement. And *White* embraced the approach only by declaring that the indistinguishability requirement "adds nothing" to the relevant test, *id.* at 10, expressly declaring an intent to *ignore* part of what the Supreme Court said in *Sackett*. *See Sackett*, 598 U.S. at 676 ("[Wetlands] must be indistinguishably part of a body of water that itself constitutes 'waters' under the CWA."); *id.*

---

[3] The Agencies assert that any physical connection between wetland and WOTUS is enough under *Sackett*, and that the connection need not be a surface water connection. (*See, e.g.*, Dkt. 210, at 60-62). That claim is impossible to square with the plain language of *Sackett*, which requires two things: a surface water connection, and one that makes the wetland and WOTUS indistinguishable. *Sackett* explicitly "agree[d] with th[e] formulation" in *Rapanos* that "adjacent wetlands are part of covered waters" "*only*" "when wetlands have 'a continuous surface connection to bodies that are [WOTUS] in their own right, so that there is no clear demarcation between 'waters' and 'wetlands,''" making the features "'as a practical matter indistinguishable.'" *Sackett*, 598 U.S. at 678 (emphasis added) (quoting *Rapanos*, 547 U.S. at 742, 755). The Agencies want to ignore the words "surface" and "indistinguishable," as well as the "practical" nature of the test. This Court should not allow them to do so.
[4] In their reply brief, Intervenor-Plaintiffs pointed out that the *White* court misconstrued *Lewis* and *Glynn*. (Dkt. 218 at 24 n.2).

5

at 677 (describing the problems with asserting jurisdiction over "wetlands that are not indistinguishably part of otherwise covered 'waters'"). That unwillingness to recognize *all* of what *Sackett* said has allowed the Agencies to deem wetlands to be jurisdictional even though they lack a surface water connection of a type *that makes them indistinguishable* from WOTUS (*see* Part C, *infra*). And the Rule's overbreadth in turn violates *Sackett* and the CWA. The Agencies have tried to put space between the deliberately vague and capacious text of the Rule on the one hand, and the more specific preamble and subsequent memoranda on the other. And for good reason: the latter make perfectly clear that the Agencies are ignoring *Sackett*'s indistinguishability requirement. This is more of the same—the Agencies flouting Supreme Court precedent at every turn to aggrandize their own powers. This Court should reject the erroneous reasoning of *White*.[5]

### C. The Illegality of the Rule is Further Demonstrated by the Agencies' Continued Claims of Vast Jurisdictional Reach Far Beyond What *Sackett* Permits.

In their reply brief, Intervenor-Plaintiffs cited an agency memorandum unlawfully telling a field office that it could assert jurisdiction over a wetland separated from supposed WOTUS by a 15-foot "dirt track road and a seasonally-plowed field," with not even a "culvert to maintain a connection." (*See* Dkt. 218 at 25 n.4 & App. B thereto). Time has shown that wasn't a fluke. Since then, the Agencies have issued a memorandum to the field that flatly confesses that the Agencies will not abide by the *Sackett* indistinguishability or continuous surface water requirements. *See* EPA and USACE, Memorandum on NAP-2023-01223, at 2 (June 25, 2024) (App. C) ("Under

---

[5] The court in *White* rejected (App. B at *7) the same arguments the Agencies make here that Intervenor-Plaintiffs' claims are unripe. It held that an individual's challenge to the Rule was ripe because (1) his arguments that the Rule exceeded the scope of the Agencies' authority presented purely legal issues that required no further factual development, and (2) the Rule imposed harm in the form of compliance costs needed to avoid the risk of serious penalties. The same is true for Intervenor-Plaintiffs' members, as their declarations attest. It's similarly true for the Plaintiff States that they will be forced to incur costs tied directly to the Rule's overexpansive reach—and that reach is a pure legal issue that can be decided now.

*Sackett*, the word 'indistinguishable' is not a separate element of adjacency"; and "the CWA does not require a continuous surface water connection between wetlands and covered waters").

That Memorandum also demonstrates how the Agencies' extraordinary views on jurisdiction play out in practice. Under the Rule, for example, a wetland connected to a supposedly jurisdictional tributary solely by a 70-foot-long pipe under a road is a WOTUS. (App. C at 3).[6] The Memorandum asserts jurisdiction over another wetland on the basis that it is connected to a "shallow," "non-relatively permanent swale," "350 feet in length," that conveys water "at low frequency and low volume"—and at the same time states that it would not matter to the jurisdictional analysis if there was no flow at all in the swale. *Id.* at 3-4; *see id.* at 4 ("flow" "is not required to meet the continuous surface connection requirement"); *see also* EPA and USACE, Memorandum on SWG-2023-00284, at 3 (June 25, 2024) (App. D) (asserting jurisdiction over a wetland connected to a WOTUS by a "[n]on-relatively permanent drainage ditch" that "carr[ies] only ephemeral flow after precipitation events" "for a length of approximately 115 feet, including through two culverts underneath driveways"). The Agencies could reach these conclusions only by ignoring the key holdings of *Sackett* that a continuous surface water connection must render the wetland and WOTUS indistinguishable. And that, of course, is flatly at odds with the CWA as interpreted by the Supreme Court.

---

[6] Contradicting the Agencies' assertion (Dkt. 210 at 17-18) that the preamble to the Rule is irrelevant, and confirming that the preamble reflects what the Agencies themselves think the revised Rule means, the Memorandum states that "[t]he direction in this memorandum is consistent with the CWA and the amended 2023 rule at 33 CFR 328.3 and 40 CFR 120.2, consistent with *Sackett*. In providing this direction, we have also utilized relevant case law and existing guidance included within the January 2023 rule preamble, consistent with *Sackett*." The "relevant case law" cited in the Memorandum all predates *Sackett* by a decade and is plainly superseded, while the Memorandum ignores the most pertinent language of *Sackett* itself.

## CONCLUSION

For the reasons stated in Plaintiff States and Intervenor-Plaintiffs' opening and reply briefs in support of their motions for summary judgment, and these additional reasons that have more recently arisen, this Court should grant Plaintiff States and Intervenor-Plaintiffs' motions, denying the Agencies' competing motion for summary judgment, and remand the Rule to the Agencies to be revised to conform to *Sackett* and the CWA.

Dated:  August 16, 2024    Respectfully submitted,

| | |
|---|---|
| PATRICK MORRISEY<br>Attorney General of West Virginia | DREW H. WRIGLEY<br>Attorney General of North Dakota |
| /s/ Michael R. Williams<br>Michael R. Williams<br>  Solicitor General | /s/ Philip J. Axt<br>Philip J. Axt – State Bar ID No. 09585<br>  Solicitor General<br>Erik J. Wallevand<br>  Assistant Attorney General |
| Office of the West Virginia Attorney General<br>State Capitol, Bldg 1, Room E-26<br>Charleston, WV 25305<br>(681) 313-4550<br>Michael.R.Williams@wvago.gov | Office of Attorney General<br>600 E. Boulevard Ave., Dept. 125<br>Bismarck, ND 58505<br>Telephone: (701) 328-2210<br>pjaxt@nd.gov<br>ewallevand@nd.gov |
| *Counsel for State of West Virginia* | *Counsel for State of North Dakota* |
| CHRISTOPHER M. CARR<br>Attorney General of Georgia | BRENNA BIRD<br>Attorney General of Iowa |
| /s/ Stephen J. Petrany<br>Stephen J. Petrany<br>  Solicitor General | /s/ Eric H. Wessan<br>Eric H. Wessan<br>  Solicitor General |
| Office of the Attorney General<br>40 Capitol Square, SW<br>Atlanta, Georgia 30334<br>(404) 458-3408 | 1305 E. Walnut Street<br>Des Moines, Iowa 50319<br>(515) 281-5164<br>(515) 281-4209 (fax) |

spetrany@law.ga.gov

*Counsel for State of Georgia*

STEVE MARSHALL
Attorney General of Alabama

/s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
  Solicitor General

Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Counsel for State of Alabama*

TIM GRIFFIN
Attorney General of Arkansas

/s/ Dylan L. Jacobs
Nicholas J. Bronni
  Solicitor General
Dylan L. Jacobs
  Deputy Solicitor General

Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-6302
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

*Counsel for State of Arkansas*

THEODORE E. ROKITA
Attorney General of Indiana

eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*

TREG TAYLOR
Attorney General of Alaska

/s/ David A. Wilkinson
David A. Wilkinson
  Senior Assistant Attorney General

1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
(907) 269-5100
david.wilkinson@alaska.gov

*Counsel for State of Alaska*

ASHLEY MOODY
Attorney General of Florida

/s/ Natalie P. Christmas
Natalie P. Christmas (Fla. Bar 1019180)
  Counselor to the Attorney General

Florida Attorney General's Office
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)

natalie.christmas@myfloridalegal.com

*Counsel for State of Florida*

KRIS KOBACH
Attorney General of Kansas

9

/s/ James A. Barta
James A. Barta
  Solicitor General

Indiana Attorney General's Office
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
(317) 232-6255
james.barta@atg.in.gov

*Counsel for State of Indiana*

/s/ Jesse A. Burris
Jesse A. Burris
  Assistant Attorney General

Kansas Attorney General's Office
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for State of Kansas*


LIZ MURRILL
Attorney General of Louisiana

/s/ Morgan Brungard
Morgan Brungard
  Assistant Solicitor General
Tracy Short
  Assistant Attorney General

Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
Tel: (225) 326-6766
brungardm@ag.louisiana.gov
shortt@ag.louisiana.gov

*Counsel for State of Louisiana*

LYNN FITCH
Attorney General of Mississippi

/s/ Justin L. Matheny
Justin L. Matheny (MS Bar No. 100754)
  Deputy Solicitor General

Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
Fax: (601) 359-2003
justin.matheny@ago.ms.gov

*Counsel for State of Mississippi*


ANDREW BAILEY
Attorney General of Missouri

/s/ Joshua M. Divine
Joshua M. Divine, Mo. Bar No. 69875
  Solicitor General

Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-8870

AUSTIN KNUDSEN
Attorney General of Montana

/s/ Christian B. Corrigan
Christian B. Corrigan
  Solicitor General
Brent Mead
  Deputy Solicitor General

Office of the Montana Attorney General
215 N Sanders St

| | |
|---|---|
| Fax: (573) 751-0774<br>Josh.divine@ago.mo.gov<br><br>*Counsel for State of Missouri* | Helena, MT 59601<br>(406) 444-2707<br>Christian.Corrigan@mt.gov<br><br>*Counsel for State of Montana* |
| MICHAEL T. HILGERS<br>Attorney General of Nebraska<br><br>/s/ Eric J. Hamilton<br>Eric J. Hamilton<br>  Solicitor General<br><br>Office of the Nebraska Attorney General<br>2115 State Capitol<br>Lincoln, NE 68509<br>(402) 471-2683<br>Eric.Hamilton@nebraska.gov<br><br>*Counsel for State of Nebraska* | JOHN M. FORMELLA<br>Attorney General of New Hampshire<br><br>/s/ Brandon F. Chase<br>Brandon F. Chase<br>  Assistant Attorney General<br><br>New Hampshire Department of Justice<br>33 Capitol Street<br>Concord, NH  03301<br>(603) 271-3650<br>brandon.f.chase@doj.nh.gov<br><br>*Counsel for State of New Hampshire* |
| DAVE YOST<br>Attorney General of Ohio<br><br>/s/ Mathura Sridharan<br>Mathura Sridharan<br>  Deputy Solicitor General<br><br>30 E. Broad St., 17th Floor<br>Columbus, OH 43215<br>Phone:  614.466-8980<br>Mathura.Sridharan@OhioAGO.gov<br><br>*Counsel for State of Ohio* | GENTNER F. DRUMMOND<br>Attorney General of Oklahoma<br><br>/s/ Garry M. Gaskins, II<br>Garry M. Gaskins, II<br>  Solicitor General<br>Zach West<br>  Director of Special Litigation<br>Jennifer L. Lewis<br>  Assistant Attorney General<br><br>313 N.E. 21st Street<br>Oklahoma City, OK 73105<br>Tel: (405) 521-3921<br>Garry.gaskins@oag.ok.gov<br>Zach.west@oag.ok.gov<br>Jennifer.lewis@oag.ok.gov<br><br>*Counsel for State of Oklahoma* |
| ALAN WILSON<br>Attorney General of South Carolina | MARTY J. JACKLEY<br>Attorney General of South Dakota |

11

| | |
|---|---|
| /s/ J. Emory Smith, Jr.<br>J. Emory Smith, Jr.<br>  Deputy Solicitor General<br><br>Office of the Attorney General<br>Post Office Box 11549<br>Columbia, South Carolina 29211<br>Phone:  (803) 734-3680<br>Fax:  (803) 734-3677<br>Email:   ESmith@scag.gov<br><br>*Counsel for State of South Carolina* | /s/ Charles D. McGuigan<br>Charles D. McGuigan<br>  Deputy Attorney General Civil Division<br>Jennifer L. Verleger<br>  Assistant Attorney General<br><br>1302 E. Highway 14, Suite 1<br>Pierre, SD 57501<br>605-773-3215<br>atgservice@state.sd.us<br>charles.mcguigan@state.sd.us<br>jennifer.verleger@state.sd.us<br><br>*Counsel for State of South Dakota* |
| JONATHAN SKRMETTI<br>Attorney General and Reporter<br>of the State of Tennessee<br><br>/s/ Gabriel Krimm<br>Gabriel Krimm<br>  Assistant Solicitor General<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202<br>(615) 523-5596<br>Gabriel.Krimm@ag.tn.gov<br><br>*Counsel for State of Tennessee* | SEAN REYES<br>Attorney General of Utah<br><br><br>/s/ Lance Sorenson<br>Lance Sorenson<br>  Assistant Solicitor General<br><br>Utah Attorney General's Office<br>160 East 300 South, 6th Floor<br>Salt Lake City, UT 84114-2320<br>(801) 366-0557<br>lancesorenson@agutah.gov<br><br>*Counsel for State of Utah* |
| JASON MIYARES<br>Attorney General of Virginia<br><br>/s/ Kevin M. Gallagher<br>Kevin M. Gallagher<br>  Principal Deputy Solicitor General<br>M. Jordan Minot<br>  Assistant Solicitor General<br><br>Virginia Attorney General's Office<br>202 North 9th Street | BRIDGET HILL<br>Attorney General of Wyoming<br><br>/s/ Travis Jordan<br>Travis Jordan (ND Bar No. 08933)<br>  Senior Assistant Attorney General<br><br>Wyoming Attorney General's Office<br>109 State Capitol<br>Cheyenne, WY 82002<br>(307) 777-7895 (phone) |

12

Richmond, Virginia 23219
(804) 786-2071
kgallagher@oag.state.va.us
mminot@oag.state.va.us

*Counsel for Commonwealth of Virginia*

(307) 777-3542 (fax)
travis.jordan@wyo.gov

*Counsel for State of Wyoming*

Timothy S. Bishop (*pro hac vice*)
Brett E. Legner (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-0600
Email: tbishop@mayerbrown.com
Email: blegner@mayerbrown.com

James B. Danford, Jr. (*pro hac vice*)
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
Tel:  713-238-2700
Email: jdanford@mayerbrown.com

*/s/ Katie J. Schmidt*

Katie J. Schmidt (ND ID #06949)
Andrew D. Cook (ND ID #06278)
OHNSTAD TWICHELL, P.C.
444 Sheyenne Street, Suite 102
P.O. Box 458
West Fargo, ND 58078-0458
Tel: (701) 282-3249
Fax: (701) 282-0825
Email: kschmidt@ohnstadlaw.com
Email: acook@ohnstadlaw.com

*Counsel for Intervenor-Plaintiffs*

13