IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| **STATES OF WEST VIRGINIA**; **NORTH DAKOTA**; **GEORGIA**; and **IOWA**; *et al.*,<br><br>    Plaintiffs,<br><br>and<br><br>**AMERICAN FARM BUREAU FEDERATION**, *et al.*,<br><br>    Intervenor-Plaintiffs,<br><br>v.<br><br>**U.S. ENVIRONMENTAL PROTECTION AGENCY**, *et al.*,<br><br>    Defendants,<br><br>and<br><br>**CHIKALOON VILLAGE TRADITIONAL COUNCIL**, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:23-cv-00032-DLH-ARS<br><br>Hon. Daniel L. Hovland |

## OPPOSITION TO MOTION TO STAY

State Plaintiffs have challenged an Amended Final Rule that purports to define "the waters of the United States" for purposes of the Clean Water Act's jurisdictional provision. 33 U.S.C. § 1362(7). Those five words have spurred decades of agency rulemaking efforts—often reflecting changed positions from administration to administration—and produced several Supreme Court decisions. *See* ECF No. 201-1 at 2-6. Despite all the ink spilled on the subject, clear guidance and true certainty have been slow in coming. The Supreme Court, at least, took a huge leap towards providing that clarity and certainty when it issued its decision in *Sackett v. EPA*, 598 U.S. 651

1

(2023), just over a year-and-a-half ago. This Court, too, is set to take another step towards clarity by deciding the motions for summary judgment that are presently pending here. But the Agencies now wish to suspend that decision indefinitely. *See* ECF No. 250. State Plaintiffs welcome the suggestion that the Agencies might be rethinking their approach, but that mere *possibility* of reassessment doesn't justify the extended stay that the Agencies now propose. The Court should thus deny their motion.

Although the "trial court has the inherent power to stay proceedings," the party requesting such a stay still "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *United States v. Minnkota Power Co-op., Inc.*, 831 F. Supp. 2d 1109, 1118 (D.N.D. 2011). Other factors to consider in deciding whether to issue a stay "includ[e] the conservation of judicial resources, maintaining control of the court's docket, providing for the just determination of cases, as well as the potential for duplicative efforts and wasted resources of the parties and hardship to the party opposing the stay." *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 956–57 (D. Minn. 2018).

The Agencies have not shown any "hardship or inequity." Instead, they suggest that the stay would "allow Defendants to fully brief incoming leaders." ECF No. 250 at 2. "This reason, however, reflects only a pressing need for defendants to expedite briefing of incoming agency leadership and personnel, not a pressing need for a stay in this case." *Asylumworks v. Mayorkas*, No. 20-CV-3815, 2021 WL 2227335, at *6 (D.D.C. June 1, 2021). The motions for summary judgment are fully briefed and ready for decision. No oral argument is currently scheduled, and the Court did not require oral argument to decide similar issues on the motion for preliminary injunction. Once the summary-judgment motions are decided, the proceedings before this Court

2

may be over. In short, there's no imminent decision that needs to be made by "incoming leaders," and no actual event that warrants a stay. *Contrast with Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 10 (D.D.C. 2009) (cited by Defendants) (noting that the court had granted agency defendants a two-week extension of the briefing schedule where the agency defendants had not yet filed their response to a pending motion for preliminary injunction). And especially in a post-*Loper Bright* world, the Agencies' views of the statutory and constitutional questions implicated here carry less relevance, anyway. *See* ECF No. 233 at 5-8; *cf. Pals v. Wkly.*, 12 F.4th 878, 883 (8th Cir. 2021) (declining to stay case for development of potential facts that would be "irrelevant" to pending motion for summary judgment).

In contrast to the lack of real benefits for the Agencies, the harm to State Plaintiffs is plain: if this case is stayed, the Plaintiff States (and the entire regulated community, for that matter) will still be deprived of essential clarity on the purely legal issues raised by the Amended Final Rule. State Plaintiffs have aggressively pursued firm answers on these issues for years. *See North Dakota v. EPA*, No. 3:15-CV-59, 2015 WL 7422349, at *4 (D.N.D. Nov. 10, 2015) (denying Agencies' request for stay in 2015 challenge to "waters of the United States" rule). A stay will only leave them in the dark for that much longer. "This frustrates the notice and predictability purposes of rulemaking, and promotes arbitrary government." *Talk Am., Inc. v. Michigan Bell Tel. Co.*, 564 U.S. 50, 69 (2011) (Scalia, J., concurring). Further, while State Plaintiffs recognize that the existing preliminary injunction mitigates some of the harm they might otherwise face, they are still deprived of the ultimate remedy they seek for this unlawful and unconstitutional rule— vacatur. *See* ECF No. 201-1 at 53-54.

The Agencies do not explain why any of the other factors would favor a stay here, either. Although they suggest a stay could "conserve judicial resources" and "promote the efficient and

3

orderly disposition of this case," ECF No. 250 at 2, just the opposite appears to be true. The parties have already submitted hundreds of pages of briefing on these issues; the Court has likewise already written extensively on the questions at hand and presumably already devoted attention to the pending motions. The case will almost certainly be disposed of the moment the Court issues its decision on summary judgment. On the other hand, waiting for some indefinite time while the Agencies decide if they will take some other position—even though there's no concrete indication at this time that they will—ensures only that this case will linger on the docket for that much longer, potentially wasting all the work.* It would serve everyone better to issue a decision now, considering how thoroughly the parties have vetted them.

Lastly, it makes no difference that some other related actions have been stayed. Those motions were unopposed. *See* Order at 1, *Kentucky v. EPA*, 3:23-cv-00007 (E.D. Ky. Feb. 10, 2025), ECF No. 90 ("The Plaintiffs do not object to a brief stay in this matter."); Order at 1, *Texas v. EPA*, No. 3:23-cv-00017 (S.D. Tex. Feb. 4, 2025), ECF No. 136 ("Before the court is the defendants' unopposed motion to stay the case."); Order at 1, *White v. EPA*, No. 2:24-cv-00013 (E.D.N.C. Jan. 29, 2025), ECF No. 70 ("The motion is not opposed by Plaintiff."). Whatever might have led those parties to agree to a stay in those cases, States Plaintiffs view their interests here differently. And deciding the questions presented in this case will not prejudice those cases in any discernible way. If anything, a decision here could serve as an important bellwether. In fact, deciding the pending cross-motions for summary judgment could even moot those challenges (if the Amended Final Rule were to be vacated), thus serving the interests of "judicial efficiency" across the board.

---

* Plaintiffs States recognize that these factors could apply differently if the Agencies indicated that they are, in fact, dropping their defense of this suit and then taking steps to rescind the Amended Final Rule in favor of a new approach.

For all these reasons, Plaintiff States respectfully oppose the Agencies' motion for stay and request that the Court deny it.

Respectfully submitted,

| | |
|---|---|
| JOHN B. MCCUSKEY<br>Attorney General of West Virginia | DREW H. WRIGLEY<br>Attorney General of North Dakota |
| /s/ Michael R. Williams<br>Michael R. Williams<br>  Solicitor General | /s/ Philip J. Axt<br>Philip J. Axt – State Bar ID No. 09585<br>  Solicitor General<br>Erik J. Wallevand<br>  Assistant Attorney General |
| Office of the West Virginia Attorney General<br>State Capitol, Bldg 1, Room E-26<br>Charleston, WV 25305<br>(681) 313-4550<br>Michael.R.Williams@wvago.gov | Office of Attorney General<br>600 E. Boulevard Ave., Dept. 125<br>Bismarck, ND 58505<br>Telephone: (701) 328-2210<br>pjaxt@nd.gov<br>ewallevand@nd.gov |
| *Counsel for State of West Virginia* | *Counsel for State of North Dakota* |
| CHRISTOPHER M. CARR<br>Attorney General of Georgia | BRENNA BIRD<br>Attorney General of Iowa |
| /s/ Stephen J. Petrany<br>Stephen J. Petrany<br>  Solicitor General | /s/ Eric H. Wessan<br>Eric H. Wessan<br>  Solicitor General |
| Office of the Attorney General<br>40 Capitol Square, SW<br>Atlanta, Georgia 30334<br>(404) 458-3408<br>spetrany@law.ga.gov | 1305 E. Walnut Street<br>Des Moines, Iowa 50319<br>(515) 281-5164<br>(515) 281-4209 (fax)<br>eric.wessan@ag.iowa.gov |
| *Counsel for State of Georgia* | *Counsel for State of Iowa* |

STEVE MARSHALL
Attorney General of Alabama

/s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
  Solicitor General

Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Counsel for State of Alabama*

TIM GRIFFIN
Attorney General of Arkansas

/s/ Dylan L. Jacobs
Dylan L. Jacobs
  Deputy Solicitor General

Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-6302
Dylan.Jacobs@arkansasag.gov

*Counsel for State of Arkansas*

TREG TAYLOR
Attorney General of Alaska

/s/ David A. Wilkinson
David A. Wilkinson
  Senior Assistant Attorney General

1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
(907) 269-5100
david.wilkinson@alaska.gov

*Counsel for State of Alaska*

ASHLEY MOODY
Attorney General of Florida

/s/ Natalie P. Christmas
Natalie P. Christmas (Fla. Bar 1019180)
  Counselor to the Attorney General

Florida Attorney General's Office
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)

natalie.christmas@myfloridalegal.com

*Counsel for State of Florida*

6

THEODORE E. ROKITA
Attorney General of Indiana

/s/ James A. Barta
James A. Barta
  Solicitor General

Indiana Attorney General's Office
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
(317) 232-6255
james.barta@atg.in.gov

*Counsel for State of Indiana*


LIZ MURRILL
Attorney General of Louisiana

/s/ Morgan Brungard
Morgan Brungard
  Assistant Solicitor General
Tracy Short
  Assistant Attorney General

Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
Tel: (225) 326-6766
brungardm@ag.louisiana.gov
shortt@ag.louisiana.gov

*Counsel for State of Louisiana*

KRIS KOBACH
Attorney General of Kansas

/s/ Jesse A. Burris
Jesse A. Burris
  Assistant Attorney General

Kansas Attorney General's Office
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for State of Kansas*


LYNN FITCH
Attorney General of Mississippi

/s/ Justin L. Matheny
Justin L. Matheny (MS Bar No. 100754)
  Deputy Solicitor General

Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
Fax: (601) 359-2003
justin.matheny@ago.ms.gov

*Counsel for State of Mississippi*

7

ANDREW BAILEY
Attorney General of Missouri

/s/ Joshua M. Divine
Joshua M. Divine, Mo. Bar No. 69875
  Solicitor General

Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-8870
Fax: (573) 751-0774
Josh.divine@ago.mo.gov

*Counsel for State of Missouri*


MICHAEL T. HILGERS
Attorney General of Nebraska

/s/ Grant Strobl
Grant Strobl
  Assistant Solicitor General

Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2683
grant.strobl@nebraska.gov

*Counsel for State of Nebraska*


AUSTIN KNUDSEN
Attorney General of Montana

/s/ Christian B. Corrigan
Christian B. Corrigan
  Solicitor General
Brent Mead
  Deputy Solicitor General

Office of the Montana Attorney General
215 N Sanders St
Helena, MT 59601
(406) 444-2707
Christian.Corrigan@mt.gov

*Counsel for State of Montana*


JOHN M. FORMELLA
Attorney General of New Hampshire

/s/ Brandon F. Chase
Brandon F. Chase
  Assistant Attorney General

New Hampshire Department of Justice
33 Capitol Street
Concord, NH  03301
(603) 271-3650
brandon.f.chase@doj.nh.gov

*Counsel for State of New Hampshire*

DAVE YOST
Attorney General of Ohio

/s/ Mathura Sridharan
Mathura Sridharan
  Deputy Solicitor General

30 E. Broad St., 17th Floor
Columbus, OH 43215
Phone: 614.466-8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for State of Ohio*

GENTNER F. DRUMMOND
Attorney General of Oklahoma

/s/ Garry M. Gaskins, II
Garry M. Gaskins, II
  Solicitor General
Zach West
  Director of Special Litigation
Jennifer L. Lewis
  Assistant Attorney General

313 N.E. 21st Street
Oklahoma City, OK 73105
Tel: (405) 521-3921
Garry.gaskins@oag.ok.gov
Zach.west@oag.ok.gov
Jennifer.lewis@oag.ok.gov

*Counsel for State of Oklahoma*

ALAN WILSON
Attorney General of South Carolina

/s/ J. Emory Smith, Jr.
J. Emory Smith, Jr.
  Deputy Solicitor General

Office of the Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
Phone: (803) 734-3680
Fax: (803) 734-3677
Email:   ESmith@scag.gov

*Counsel for State of South Carolina*

MARTY J. JACKLEY
Attorney General of South Dakota

/s/ Jennifer L. Verleger
Jennifer L. Verleger
  Assistant Attorney General

1302 E. Highway 14, Suite 1
Pierre, SD 57501
605-773-3215
atgservice@state.sd.us
jennifer.verleger@state.sd.us

*Counsel for State of South Dakota*

| | |
|---|---|
| JONATHAN SKRMETTI<br>Attorney General and Reporter<br>of the State of Tennessee | DEREK BROWN<br>Attorney General of Utah |
| /s/ Gabriel Krimm<br>Gabriel Krimm<br>  Senior Assistant Solicitor General<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202<br>(615) 523-5596<br>Gabriel.Krimm@ag.tn.gov<br><br>*Counsel for State of Tennessee* | /s/ Lance Sorenson<br>Lance Sorenson<br>  Assistant Solicitor General<br><br>Utah Attorney General's Office<br>160 East 300 South, 6th Floor<br>Salt Lake City, UT 84114-2320<br>(801) 366-0557<br>lancesorenson@agutah.gov<br><br>*Counsel for State of Utah* |
| JASON MIYARES<br>Attorney General of Virginia | BRIDGET HILL<br>Attorney General of Wyoming |
| /s/ Kevin M. Gallagher<br>Kevin M. Gallagher<br>  Principal Deputy Solicitor General<br><br>Virginia Attorney General's Office<br>202 North 9th Street<br>Richmond, Virginia 23219<br>(804) 786-2071<br>kgallagher@oag.state.va.us<br><br>*Counsel for Commonwealth of Virginia* | /s/ D. David DeWald<br>D. David DeWald (ND Bar No. 08933)<br>  Deputy Attorney General<br><br>Wyoming Attorney General's Office<br>109 State Capitol<br>Cheyenne, WY 82002<br>(307) 777-7895 (phone)<br>(307) 777-3542 (fax)<br>david.dewald@wyo.gov<br><br>*Counsel for State of Wyoming* |

Dated: February 11, 2025